J-S42004-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RALPH LEE YENDELL | |
| Appellant | No. 1077 WDA 2013 |

Appeal from the PCRA Order May 30, 2013
In the Court of Common Pleas of Crawford County
Criminal Division at No(s): CP-20-CR-0000267-2009

BEFORE: PANELLA, J., JENKINS, J., and MUSMANNO, J.

MEMORANDUM BY PANELLA, J.                    **FILED OCTOBER 16, 2014**

Appellant, Ralph Lee Yendell, appeals from the order entered by the Honorable Anthony J. Vardaro, Court of Common Pleas of Crawford County, which dismissed his petition pursuant to the Post Conviction Relief Act. After careful review, we affirm.

The Commonwealth charged Yendell with various sexual crimes arising from an incident that occurred at night on July 11, 2008, at a campground in Woodcock Township. After his first two public defenders withdrew their appearances, a third public defender, Edward Hatheway, Esq., was appointed to represent Yendell. On September 14, 2009, Yendell entered into a negotiated plea agreement, whereby he would plead guilty to unlawful contact with a minor, graded as a third degree felony. In preparation of sentencing, the Pennsylvania Sexual Assessment Board opined that Yendell

met the criteria for being designated a sexually violent predator. As a result, Yendell withdrew his guilty plea on December 21, 2009.

On January 11, 2010, Yendell filed a notice of alibi, identifying an alibi witness, Beth Smart. Shortly thereafter, the trial court held a hearing to address several issues raised by Yendell, including his desire to represent himself, the late filing of his alibi notice, and his desire to have DNA testing performed on hair found in the victim's underwear. Prior to the hearing, Attorney Hatheway filed a motion to withdraw from the case. The trial court held a full colloquy and hearing on Yendell's issues with Attorney Hatheway, and ultimately refused to appoint new counsel, but allowed Yendell to proceed *pro se*, with Attorney Hatheway as stand-by counsel. Furthermore, the trial court permitted Yendell to call Smart as an alibi witness at trial, despite the late filing of the notice.

Finally, the trial court granted Yendell the opportunity to have the hair tested for DNA, but informed Yendell that such tests could not be performed in time to proceed on the scheduled trial date, and that trial would have to be postponed for at least a month. Yendell indicated that Smart would not be available at a postponed trial date, due to the fact that she lived out-of-state and was partially handicapped. The court ensured Yendell that the court could provide for Smart's transportation to the postponed trial. At this point, Yendell indicated that he did not want Smart to have to make the trip twice, and demanded to go to trial immediately.

The case proceeded to trial, and the jury convicted Yendell of statutory sexual assault, aggravated indecent assault, unlawful contact with a minor, corruption of minors, indecent assault, and two counts of involuntary deviate sexual intercourse.  Yendell filed a counseled appeal, and this Court affirmed his judgment of sentence on June 7, 2011.  On May 14, 2012, Yendell filed a *pro se* petition pursuant to the PCRA, and the PCRA court appointed counsel to represent Yendell.  Yendell subsequently filed a counseled, amended petition for PCRA relief.  The PCRA court dismissed six of the issues raised in Yendell's amended petition without a hearing, and scheduled a hearing on Yendell's final issue.  After conducting a hearing on Yendell's final issue, the PCRA court denied relief.  This timely appeal followed.

On appeal, Yendell raises the following issues for our review:

1. Whether the trial court erred in denying Ralph Lee Yendell's (hereinafter the "Petitioner") Amended Petition for Relief Under the Post Conviction Relief Act (hereinafter "Amended PCRA Petition") on six (6) issues without the benefit of an evidentiary hearing?
2. Whether the trial court erred in denying Petitioner's Amended PCRA Petition regarding his claim that his waiver of counsel was not valid?
3. Whether the trial court erred in denying issues raised by Petitioner in his Motion for Post Conviction Collateral Relief that were never addressed by the trial court and for which argument and an evidentiary hearing never occurred?

Appellant's Brief, at 4.

Our standard of review regarding a PCRA court's denial of a petition for post-conviction relief is well settled. We examine whether the determination of the PCRA court is supported by the evidence of record and is free of legal

- 3 -

error. *See Commonwealth v. Smith*, 995 A.2d 1143, 1149 (Pa. 2010). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. *See id*. Our scope of review is limited to the findings of the PCRA court and the evidence of record. *See Commonwealth v. Burkett*, 5 A.3d 1260, 1267 (Pa. Super. 2010).

Yendell's first issue on appeal concerns the six claims that the PCRA court dismissed without a hearing. Each of these claims involves a claim that Attorney Hatheway provided ineffective assistance of counsel to Yendell. We presume that counsel was effective and an appellant bears the burden of proving otherwise. *See Commonwealth v. Steele*, 961 A.2d 215, 223 (Pa. 2007).

> To prevail on his ineffectiveness claims, Appellant must plead and prove, by a preponderance of the evidence, three elements: (1) the underlying legal claim has arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) Appellant suffered prejudice because of counsel's action or inaction.

*Commonwealth v. Spotz*, 18 A.3d 244, 260 (Pa. 2011) (citations omitted). "A failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim." *Commonwealth v. Morrison*, 878 A.2d 102, 105 (Pa. Super. 2005) (citation omitted). Counsel cannot be deemed ineffective for failing to raise a meritless claim. *See Commonwealth v. Fears*, 86 A.3d 795, 803 (Pa. 2014).

Yendell first claims that Attorney Hatheway was ineffective for failing to request DNA testing of the hair found in the victim's underwear.

However, Yendell withdrew his request for DNA testing when he learned that it would cause a postponement of his trial. **See** N.T., Pretrial Hearing, 1/15/10, at 70. Yendell argues, however, that he was placed in a no-win situation, as he was forced to choose between having the DNA tested and having his alibi witness present. To the contrary, the record reveals that after the court informed him that costs for her travel would be borne by the County, Yendell was worried about unspecified health issues afftecting Smart's ability to travel:

> No, money was one part of it. But, no, her health is another, you know, so that's – that's – I think at this point, like I said, we have to go with – I have to withdraw the DNA. I want to make sure she is here for trial. She is here. She is present. She is ready to go to trial. She is ready to testify and I think that's probably the best – best thing it is not as much of a hardship on her traveling say 17 hours on a bus ride.

*Id*. Yendell's desire to spare Smart a "hardship" is not equivalent to Smart being unavailable at a later trial date. As the above quote indicates, Yendell weighed the value of the DNA testing against his desire to avoid imposing a hardship upon Smart. His choice to withdraw the request for DNA testing was not coerced in any way.

Yendell contends that had Attorney Hatheway requested the DNA testing earlier, Yendell could have both Smart's testimony and the DNA results. However, as noted above, Yendell was given an opportunity to correct this issue before trial. He freely chose to concentrate on his alibi defense and withdrew his request for DNA testing. As a result, the PCRA

court's conclusion that this claim lacked arguable merit is supported by the record and is not a legal error.

The second claim dismissed by the PCRA court without a hearing is that Yendell's waiver of counsel was involuntary because Attorney Hatheway failed to advise him that he could not later raise the issue of the ineffectiveness of standby counsel. Yendell, however, does not provide any authority for this argument; he merely cites to the PCRA for the proposition that Attorney Hatheway could not have had a legitimate strategy for not so advising him. Yendell provides no authority whatsoever for the underlying claim that his waiver of counsel was involuntary. As such, we conclude that this claim is waived for purposes of appeal.

Next, the trial court dismissed Yendell's claim that Attorney Hatheway was ineffective for failing to object to the introduction or use of a statement of an eyewitness at trial based upon the Commonwealth's failure to provide the statement in discovery. However, as noted above, Attorney Hatheway did not represent Yendell at trial; he had no power, let alone duty, to object to any evidence at trial. The PCRA court did not err in concluding that this claim lacked arguable merit.

The fourth, fifth, and sixth claims dismissed by the PCRA court without a hearing are based upon Yendell's assertion that he was denied effective assistance of counsel when he had to choose between having Attorney Hatheway represent him or representing himself. Once again, however,

Yendell fails to provide any authority for the substance of his combined argument on these three claims. He fails to cite to any authority for the contention that he was entitled to repeated appointment of counsel until he found one he liked. As such, we find these three claims waived for purposes of appeal.[1]

Next, Yendell argues that the PCRA court erred in dismissing his claim that his waiver of counsel was involuntary. However, this claim was cognizable on direct appeal. *See Commonwealth v. Phillips*, 93 A.3d 847 (Pa. Super. 2014). As such, it is not cognizable under the PCRA. *See* 42 Pa.Cons.Stat.Ann. § 9544(b). The PCRA court did not err in dismissing this claim.

In his final issue on appeal, Yendell claims that the PCRA court erred in failing to address the issues raised in his original, *pro se* petition. Yet, when oral argument was held before the PCRA court, PCRA counsel only argued issues set forth in Yendell's counseled, amended PCRA petition.

> THE COURT: Okay. We're here for argument as to whether an evidentiary hearing should be set. I'm looking at your amended petition. I assume those are the issues now that we're talking about?
>
> [PCRA counsel]: Yes, your Honor.

_____

[1] Yendell also includes a subsection in his argument regarding his seventh claim, but concedes that the PCRA court held a hearing on this issue before dismissing it. *See* Appellant's Brief, at 22-23.

N.T., PCRA argument, 11/26/12, at 2. Counsel presented no argument in favor of the issues presented by Yendell in his initial petition. As a result, all those issues were waived.

Yendell contends on appeal that those issues were preserved when PCRA counsel noted that the amended petition was not a replacement of the original, *pro se*, petition. However, taken in context, PCRA counsel's statement does not support Yendell's claim: "Certainly *any statements* by Mr. Yendell in his original PCRA – this was an amended PCRA, not a replacement and a petition that I filed so *his statements are certified. He signed them*." ***Id***., at 26 (emphasis supplied). PCRA counsel sought to preserve Yendell's pleadings with this disclaimer, not Yendell's arguments.

To the extent that Yendell argues that PCRA counsel should have preserved these arguments in the PCRA court, we note that ineffective assistance of PCRA counsel may not be raised for the first time on appeal. ***See Commonwealth v. Henkel***, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*).[2] As such, Yendell's final issue on appeal merits no relief, and we affirm the PCRA court's order.

_____

[2] We note that this Court remanded this appeal to the PCRA court for a hearing on whether PCRA counsel had abandoned Yendell on appeal for failing to file an appellate brief. The PCRA court, after an informal hearing, determined that due to Yendell's continuing attempt to raise further issues combined with PCRA counsel's schedule, PCRA counsel was unable to file a brief within the timeframe established by this Court. The PCRA court therefore appointed new counsel to represent Yendell on appeal.

Order affirmed. Jurisdiction relinquished.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/16/2014